IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


```
------------------------------------------------------   :
MASON SHERMAN,                                            :   CASE NO.  5:07 CV 01235
                                                          :                    5:05 CR 00131
                                    Petitioner,           :
                                                          :   MEMORANDUM OF OPINION AND
                     -vs-                                  :   ORDER DENYING PETITIONER
                                                          :   RELIEF UNDER 28 U.S.C. § 2255.
                                                          :
UNITED STATES OF AMERICA,                                 :
                                                          :
                                    Respondent.           :
------------------------------------------------------   :
```


UNITED STATES DISTRICT JUDGE LESLEY WELLS



      Pursuant to a written Plea Agreement ("Agreement"), petitioner Mason Sherman

("Mr. Sherman") entered a plea of guilty on 4 April 2006 to an Indictment[1] charging him,

in Count One, with conspiracy to distribute and to possess with intent to distribute

_____

     [1]The thirty-count Indictment named 54 other co-defendants along with Mr. Sherman who was named in the conspiracy count of the indictment (Count 1), and in a specific distribution count (Count 28).

methylenedioxymethamphetamine ("MDMA" or "Ecstasy") and, in Count Twenty-eight, with distribution of 499 MDMA tablets, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 & 18 U.S.C. § 2. (Case 5:05 CR 00131, Doc. 664). Mr. Sherman was sentenced on 1 May 2006 to a period of 70 months imprisonment with the Bureau of Prisons, to be followed by three years of supervised release, and a $200.00 special assessment. (Docs. 713, 714) The Petitioner did not appeal the judgment.

Mr. Sherman now seeks to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1: 7 CV 1235; Doc. 1244: 5 CR 131). Specifically, Mr. Sherman maintains he received ineffective assistance of counsel when his attorney failed to seek either "credit toward," or a "downward departure" in, his sentence for the 10.5 months the Petitioner spent in home confinement as a condition of bail prior to trial. The government filed an answer to Mr. Sherman's petition relying upon arguments of waiver, this Court's previous decision in Clinkscale v. United States, 367 F. Supp 2d 1150 (N.D. Ohio 2005), and the ineffective assistance standard established in Strickland v. Washington, 466 U.S. 688 (1984). (Doc. 1273: 5 CR 131). Mr. Sherman filed a traverse in which he reiterates his position under Strickland. (Doc. 1279). The issue is now ripe for consideration.

For the reasons set forth below, Mr. Sherman's petition for relief under 28 U.S.C. § 2255 will be denied.


**Law and Argument**

Section 2255 permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

2

> the sentence was imposed in violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction to impose such
> sentence, or that the sentence was in excess of the maximum authorized
> by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.  The movant has the burden of establishing any claim asserted in the

petition.  See Bowers v. Battles, 568 F.2d 1, 5 (6th Cir. 1977), cert. denied, 436 U.S. 910

(1978).

Where a constitutional error is alleged, in order to obtain relief under 28 U.S.C. §

2255 the record must reflect a constitutional error of such magnitude that it had a

substantial and injurious effect or influence on the proceedings.  See Brecht v.

Abrahamson, 507 U.S. 619, 637-38 (1993);  Watson v. United States, 165 F.3d 486,

488 (6th Cir. 1999).  In order to prevail on a § 2255 motion alleging non-constitutional

error, a petitioner must show a "fundamental defect in the proceedings which

necessarily results in a complete miscarriage of justice or an egregious error violative of

due process."  Riggs v. United States, 209 F.3d 828, 831 (6th Cir.), cert. denied, 531

U.S. 884 (2000).  Thus, "[a] motion brought under § 2255 must allege one of three

bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence

imposed outside the statutory limits; or (3) an error of fact or law that was so

fundamental as to render the entire proceeding invalid."  Weinberger v. United States,

268 F.3d 346, 351 (6th Cir. 2001), cert. denied, 535 U.S. 967.

Mr. Sherman maintains that his counsel was ineffective and rendered a

constitutionally defective performance when he "failed to ascertain whether in fact" the

Petitioner would receive credit for his period of home confinement prior to sentencing,

between 22 July 2005 and 5 May 2006.  (Doc. 1244, p. 5).  Mr. Sherman insists that he

should receive relief under § 2255 because:

3

> Counsel should have been aware (1) that Sherman would not receive credit from the Bureau of Prisons, (2) that the court had authority to reduce his sentence, and (3) therefore Counsel should have advocated a reduction of sentence of 10.5 months and (4) thus the sentence may have been substantially swayed by the error and (5) the sentence should not be maintained due to the error.

Id.

### Mr. Sherman's Plea for Relief is not Cognizable under § 2255

As an initial matter, this Court has previously recognized that it lacks authority, under § 2255, to effect sentencing credit for home confinement.  In Clinkscale v. United States, 367 F. Supp. 2d at 1155, this Court faced a substantially similar argument and determined:

> The Attorney General, through the Bureau of Prisons, is vested with the authority of calculating any sentencing credits to which a federal defendant may be entitled.  United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); United States v. Westmoreland, 974 F.2d 736, 737 (6th Cir.1992).  Because challenges to such determinations relate to the execution of a sentence, Mr. Clinkscale's claim that he should have received credit for time served while under house arrest is not cognizable in a 2255 motion.  Dorsey v. United States, 53 F.3d 331, 1995 WL 264442, *2 (6th Cir. May 5, 1995).

Id.  This Court denied Mr. Clinkscale's § 2255 request for credit for time served under home confinement.  The instant matter is not distinct from Clinkscale and the Court will, accordingly, deny Mr. Sherman's § 2255 request.

### Express Waiver in Mr. Sherman's Plea Agreement

In addition, Mr. Sherman has waived his right to challenge his sentence on direct appeal, or collaterally through a post-conviction proceeding such as a Section 2255 motion.  "It is well settled that a defendant in a criminal case may waive 'any right, even

4

a constitutional right,' by means of a plea agreement." United States v. Fleming, 239

F.3d 761, 763-64 (6th Cir. 2001) (quoting United States v. Ashe, 47 F.3d 770, 775-76 (6th

Cir. 1995)).  "[A] defendant in a criminal case may waive his right to appeal his sentence

in a valid plea agreement." United States v. Smith, 344 F.3d 479, 483 (6th Cir. 2003).

    "When a [d]efendant waives his right to appeal his sentence in a valid plea

agreement, this Court is bound by that agreement and will not review the sentence

except in limited circumstances." Smith, 344 F.3d at 483.  "For a plea agreement to be

constitutionally valid, a defendant must have entered into the agreement knowingly and

voluntarily." Smith, 344 F.3d at 483.

    In his Plea Agreement, Mr. Sherman expressly waived his rights under 28 U.S.C.

§ 2255 as follows:

> The defendant acknowledges having been advised by counsel of his
> rights, in limited circumstances, to appeal the conviction or sentence in
> this case, including the appeal right conferred by 18 U.S.C. § 3742, and to
> challenge the conviction or sentence collaterally through a post-conviction
> proceeding, including a proceeding under 28 U.S.C. § 2255.  The
> defendant expressly waives those rights except that the defendant
> reserves the right to appeal any sentence to the extent it exceeds the
> maximum of the sentencing range determined under the advisory
> sentencing guidelines as contemplated in this plea agreement.  The
> defendant further retains the ability to appeal his Criminal History
> Category.  Nothing in this paragraph shall act as a bar to the defendant
> perfecting any legal remedies he may otherwise have on appeal or
> collateral attack respecting claims of ineffective assistance of counsel or
> prosecutorial misconduct.

(Mason Sherman Plea Agreement, ¶ 16).

    Under the specific terms of his plea agreement, and in the context of the present

§ 2255 petition, Mr. Sherman retains only the right to challenge his sentence collaterally

upon the basis of ineffective assistance of counsel.  Unsurprisingly, Mr. Sherman has

framed his request that the Court reduce his sentence to reflect his 10.5 months of pre-trial home confinement as a claim of ineffective assistance of counsel.

### Ineffective Assistance of Counsel

Putatively, Mr. Sherman's §2255 claim rests on allegations of ineffective assistance of counsel. (Docs. 1244, 1729).  While the Court does not consider the substance of Mr. Sherman's claim – that he should have received a reduction of 10.5 months at his sentencing hearing – as cognizable under § 2255, the Court will, nevertheless, address the merits of the Petitioner's ineffectiveness claim.

Criminal defendants are entitled to the assistance of counsel for their defense pursuant to the Sixth Amendment of the U.S. Constitution. U.S. Const. amend. VI;  see also, Moss v. United States, 323 F.3d 445, 454 (6th Cir. 2003).  A right that is derivative of the right to counsel is the right to have effective assistance of counsel.  Moss, 323 F.3d at 454; see also, Strickland v. Washington, 466 U.S. 668, 685-86 (1984).  The "benchmark of effectiveness 'must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000) (quoting Strickland, 466 U.S. at 686).

In Hofbauer the Sixth Circuit explained the two-part test for ineffective assistance of counsel as described in Strickland:

> First a defendant must show that counsel's performance was 'deficient,' involving 'errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'.... Second, even if counsel's performance is deemed deficient, a defendant must show that those deficiencies were prejudicial to the defense. To make this showing, the defendant must demonstrate that there 'is a reasonable

6

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'

Hofbauer, 228 F.3d at 702 (quotations omitted).  As with any other claim under § 2255 , the burden of proving ineffective assistance of counsel is on the petitioner.  Virgin Islands v. Nicholas, 759 F.2d 1073, 1081 (3d Cir.1985).

The Court finds no merit in Mr. Sherman's petition for relief under section 2255. As to the first element of proof in an ineffectiveness claim, Strickland confirms that scrutiny of counsel's performance must be "highly deferential," evaluating conduct from counsel's perspective at the time of the challenged conduct.  Id. at 689.  Mr. Sherman has failed to establish that his counsel's representation was unreasonable under the prevailing professional norms.  See Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

The record, instead, indicates the Petitioner's counsel moved the Court to consider, and then to apply, an imprisonment range of between 70 and 87 months instead of the advisory imprisonment range of from 78 to 97 months[2], as suggested by the government.  Mr. Sherman's counsel argued before the Court that the Petitioner's Criminal History Category of three over-represented the seriousness of the defendant's criminal history.  The Court agreed with Mr. Sherman's counsel's assessment. Receiving a sentence of 70 months placed the Petitioner at the lowest end of his advisory guideline range.

---

[2]Mr. Sherman arrived at the advisory imprisonment range of between 78 to 97 months after the government moved the Court for a five level substantial assistance downward departure, which the Court accepted.  That motion moved Mr. Sherman from an Offense Level 31 (after acceptance of responsibility) to an Adjusted Offense Level 26 and Criminal History Category III.

Pursuant to Strickland's second element, the Petitioner has not shown that his counsel's performance was so prejudicial as to deprive him of a fair result.  Strickland v. Washington, 466 U.S. at 687.  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  Under Strickland, the Court cannot set aside a judgment where the putative error had no effect on the judgment.  Id. at 691.

Such is the case here.  Mr. Sherman has not demonstrated a reasonable probability that, had his attorney sought credit for the Petitioner's pre-trial home confinement, his sentence would have been different.  See Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001).  Pursuant to 18 U.S.C. § 3585(b) the Bureau of Prisons computes and applies credit for any time served prior to the start of a defendant's sentence.  The sentencing judge neither considers nor applies that credit. See United States v. Wilson, 503 U.S. 329 (1992).

Moreover, courts have recognized that restrictions placed upon a defendant's liberty as a condition of pre-trial bond release do not qualify as official detention for which a defendant may garner credit.  See Reno v. Koray, 515 U.S. 50, 56-62 (1995) (holding that "the time respondent spent at the Volunteers of America community treatment center while 'released' on bail pursuant to the Bail Reform Act of 1984 was not 'official detention' within the meaning of 18 U.S.C. § 3585(b)."); United States v. Becak, 954 F.2d 386 (6th Cir.), cert denied, 504 U.S. 945 (1992) (finding that the term "official detention" means "in custody," thereby denying defendant released pretrial with restrictive conditions was entitled to credit).  Mr. Sherman's argument, that his counsel's

8

performance was constitutionally deficient in failing to request, from the Court, credit that was not legally available, is simply without merit.

Similarly, Mr. Sherman's further argument, that his counsel was ineffective for failing to seek a "downward departure" for the 10.5 months of pre-trial home confinement, is unpersuasive.  Downward departure in this instance is unwarranted where home confinement is not punishment but, rather, a condition of bail pending trial. See Fraley v. Bureau of Prisons, 1 F.3d 924 (9th Cir. 1993); United States v. Hager, 288 F.3d 136, 137 (4th cir. 2002).

Finally, the Petitioner's reliance upon the United States Sentencing Guidelines (U.S.S.G.) is similarly misplaced.  Specifically, Mr. Sherman's suggestion that  U.S.S.G. § 5G1.3 – concerning the imposition of a sentence on a defendant subject to an undischarged term of imprisonment – applies to the instant matter is without merit.  The provisions of, and Commentary to, § 5G1.3 distinctly apply to terms of imprisonment imposed in a separate proceedings not, as here, where the Petitioner's sentence is the result of a single prosecution.

### Certificate of Appealability

The Court declines to issue a certificate of appealability ("COA").  28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

<u>Id</u>. at 483-4 (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong."  <u>Id</u>. at 484.  In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id</u>.

**Conclusion**

For the reasons set forth above, the Court finds Mr. Sherman has not shown the Court's decision was "debatable or wrong" within the meaning of <u>Slack</u>.  Accordingly, the Court declines to issue a certificate of appealability.

Petitioner Mason Sherman's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 is, hereby, denied.

IT IS SO ORDERED.

_____/s/Lesley Wells_____
UNITED STATES DISTRICT JUDGE